[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this case, the plaintiff filed a complaint against the defendants, American Custom Homes, LLC and James A. Davis. The plaintiff claims that the defendant entered into a contract with her to construct a new home on a lot owned by her in the Town of Franklin at 22 Lydia Lane. She claims that at the time the defendants entered into the contract, the defendants did not hold a certificate of registration issued by the State of Connecticut department of consumer protection as required by law. C.G.S. § 20-417a et seq (formally known as P.A. 99-246).
The parties are in agreement regarding a number of facts. The defendants were engaged in the business of building and constructing residential homes. The parties entered into an agreement for the construction of a home on the parcel of property owned by the plaintiff. The parties agree that the premises and improvements were partially erected by the scope of their authority and employment They similarly agreed that subsequent to entering into the contract, they entered into three "addendums" of the contract and that these addendums were entered into on March 27, 2000, May 22, 2000 and June 19, 2000.
The plaintiff's first claim that the "New Home Construction Contractor's Act — P.A. 99-246" was passed in 1999 to be effective October 1, 2000. The defendant, James Davis, testified that he registered his business as a new home construction contractor in January, 2001 upon learning that such registration was necessary. He claims that up until that time he did not know about the statute. The plaintiff claims, that when Davis entered into the contract with the plaintiff, that on December 5, 1999, the date on which the plaintiff and defendant entered into the contract to build the plaintiff's new home, neither of the defendants held a certificate of registration as required by the statute. The defendant's act of entering into the contract with the plaintiff constitutes a violation of the act and subjects the defendant not only to criminal and civil sanctions but also remedies prescribed by CUTPA is the CT Page 13127 basis of the plaintiff's claim. The plaintiff claims that the defendant did not let her know that he was a unregistered but he chose to treat the contract as if it continued to be valid and binding on the plaintiff. She said that she never learned of the requirement of the certificate of registration imposed by the act until discussion with her counsel in late July of 2000. From the date the parties signed the contract until July, 2000, she was unaware of this statutory requirement. Davis testified that after obtaining his certificate of registration in October, 2000, he provided the plaintiff with a new home construction contractors registered notice and the American Custom Homes, LLC — client history list. These assertions were denied by the plaintiff. The defendant claims that he did register as a home construction contractor in January, 2001 after learning that the registration was necessary and that subject to that registration and prior to any work being performed on the Jencik property, he registered the company with the Department of Consumer Protection and further provided the relevant disclosures to the plaintiff in compliance with that act. The plaintiff denies that such were made.
The plaintiff argues that because at the time the parties discussed construction of the home, American Custom Homes, LLC was not registered, for that reason all that comes afterwards is of no value with respect to the statute. The court finds that the plaintiff provided no evidence of how she suffered any damages as a result of this alleged violation of the New Home Construction Contractors Act. The plaintiff pointed out two defects trough her own and other testimony which she claims were problems. One was a crack in the foundation, which the defendant repaired at the direction and with the approval of the plaintiff's engineer. In fact, her engineer testified that the repair made to the foundation was appropriate in keeping with his direction and structurally sound. The second defect was the fact that the well was situated on the property too close to the boundary line. The town did provide a certificate of occupancy for this home knowing full well where the location of the well was. However, the plaintiff has claimed a variety of damages and the court finds that she is entitled to recover some of the damages alleged. The court has examined the plaintiff's detailed breakdown of damages claimed which is attached to her memorandum as Attachment D. The court finds that the plaintiff has appropriately deducted from the breakdown those expenditures incurred by the plaintiff which exceeded the contract allowances or expenditures for materials or work which exceeded defendant's obligations. The total amount of net damages claimed by the plaintiff is $84,196.18. This does not include attorney's fees and costs. The court finds that these are fair and reasonable damages based upon the evidence presented and hereby enters judgment in the amount of $84,196.18 in favor of the plaintiff.
The court has carefully reviewed the arguments of the defendant with CT Page 13128 respect to CUTPA violations and the fact the defendant was not registered as an engineer at the time the contract was signed. However, the court finds that since the statute did not become effective until October, 2000, and that the defendant did register as soon as he found out it was necessary in January, 2001, that there was a technical violation of the statute at most, but more significantly that the plaintiff did not suffer any damages as a result of the failure to register prior to the time some of the work was begun. Accordingly, the court finds in favor of the defendant with respect to the claim of violation of the statute and violation of CUTPA.
D. Michael Hurley, Judge Trial Referee